GRANT
vs.
LONG.

GRANT vs. LONG.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

A bill of exchange must be presented for payment to the drawees, on the day it becomes due, or the drawer will be discharged.

No irregularities of the mail, which prevent a bill from arriving in season, will excuse its non-presentation for payment, on the day it is due.

This is an action on a bill of exchange, which the plaintiff alleges was given in payment of a bill of supplies and materials furnished the steam-boat Privateer, owned and commanded by the defendant. The bill sued on is for nine hundred and forty-eight dollars and seventy-eight cents, drawn by H. S. Mather, then commanding the boat, on T. P. Jones & Co., Natchitoches, Louisiana, and payable to John B. Allen, ninety days after date.

The plaintiff alleges, that said draft was endorsed by Allen, the original payee, to R. V. M'Kinnell, before maturity, for a valuable consideration, who by a blank endorsement transferred it to him; also, before maturity, and for a valuable consideration; that said bill was protested for non-payment by the drawees, of which the drawer was duly notified; that said draft having been given for supplies furnished a steam-boat carrying freight, the owners are liable in solido, and that he has a privilege. He prays judgment against the defendant as owner, having had the boat provisionally seized.

The defendant admitted the drawing of the draft by Mather, but denied his liability; that if he ever was liable as drawer, he is exonerated by the laches of the holder, in not presenting it for payment, until two days after it became due and payable, and of which the drawer had no notice. He prays to be dismissed.

On these issues, the cause was submitted to a jury.

The testimony showed that the draft was not presented to the drawees until after it became due ; and in the opinion of one of the witnesses, if it had been presented on the day it was due, it would have been paid.

The jury returned a verdict for the plaintiff, allowing him the full amount of his claim. After an unsuccessful attempt to obtain a new trial, the defendant appealed.

*Rouvert,* for the defendant and appellant, insisted on the following points and authorities to reverse the judgment.

1. The draft sued on was not presented for payment, nor was it noted or protested for non-payment on the day it fell due, as should have been done, agreeably to the laws governing drafts payable at a *time certain,* consequently the plaintiff was guilty of laches, and defendants as drawers were discharged from all liability. *Chitty on Bills, pages* 402, 403, 406, 422, 423, 424. *Kent's Commentaries, vol.* 3. *pages* 95, 104, 110. *Starkie on Evidence, vol.* 2. *page* 156. *Bailey on Bills of Exchange, pages* 124, 149.

2. In such cases, damages are presumed, and the drawers are exonerated from proving any ; nevertheless, defendants in this suit, to show the equity of their defence, have, by the uncontradicted testimony of several witnesses, proven that to meet their draft they had ample funds in the hands of the drawees, and from the testimony of one of said witnesses, (book-keeper of drawees at the time,) it may fairly be inferred, that said draft was resorted to by defendants, as a convenient means of receiving a part payment of said funds. *Chitty on Bills, pages* 467, 468.

3. It has been shown by plaintiff's witnesses, that the mail between New-Orleans and Natchitoches was notoriously irregular, being sometimes as long as twenty days on its route, therefore, it was not to be confided in by commercial men. Plaintiff then was guilty of laches, not to have mailed said draft, until at so late a period of its time, as must have made its safe arrival by day of payment a matter of very doubtful probability, and by so doing, he assumed the risk of its non-arrival in due time for presentation at maturity.

EASTERN DIST.
June, 1838.

GRANT
vs.
LONG.

4. It may happen, that a draft, payable on a *day certain*, be transferred or be given in payment at a period so near the day it falls due, as would make it quite improbable it could be presented for payment on that day.   In such cases, it is decided, that the draft shall be considered as one payable at sight, or on demand, and that, consequently, the holder is bound to use only such diligence as is required for the presentation of such drafts.

But in the present suit, plaintiff has not even indirectly alleged, or proven, that such was his case as regards the time he received said draft, and, therefore, cannot avail himself of the advantages such allegations and such proof would assuredly have given him.   *Chitty on Bills, page 423.* 11 *East's Reports,* 248.

*Roselius,* for the plaintiff and appellee, contended :

1. That the only question in the case is, whether the draft sued on, was presented to the drawees in due time to charge the drawer ?

It is made payable ninety days after date, and fell due on the 4th of December : it was not presented for payment until the 6th.   The evidence shows, that the plaintiff used all the diligence in his power to make the presentment in due time ; the bill was deposited in the Union Bank for collection, on the 16th of November ; on the next day it was forwarded by mail by the Union Bank, to its branch at Natchitoches.   But, owing to the irregularity of the mail, it did not reach its place of destination until the 6th of December, when it was forthwith presented and protested, and notice given to the drawer.

2. Under the circumstances of the case, the plaintiff is entitled to recover ; it cannot be distinguished in principle from the case of Freeman et al. *vs.* Boynton, 7 *Massachusetts' Reports,* 483.   In that case, the demand was made six days after the last day of grace.   See also the case of Anderton *vs.* Beck, 16 *East's Reports.*

3. The general rule is, that a bill must be presented for payment to the drawer, on the day it falls due.   In bills pay-

able at so many days *after date,* as in the present case, the
presentment needs not to be made before the maturity of the
bill.    No *presentment* for acceptance is necessary.

*Rouvert,* for the appellants, in reply :

1. The two and only cases cited by plaintiff, are Anderton
*vs.* Beck, 16 *East's Reports,* and Freeman et al. *vs.* Boynton,
7 *Massachusetts' Reports,* 483.

In the first case is shown, not only the time when the first
draft was mailed, but also the time when it came into plain-
tiff's hands, and it is only by the positive and favorable proof
of two such facts, that it can be shown, the present suit is an
exception to those rigorous rules which govern drafts paya-
ble at a *time certain ;* and also, whether the rules governing
such exceptions, have been duly observed, and more particu-
larly by plaintiff causing the draft to be mailed as soon after
his obtaining it as prudential diligence would imperatively
require.

2. The second suit, Freeman *vs.* Boynton, appears quite
inapplicable to the present suit ; the judge says, the demand
was seasonable, although made several days after the note
was due ; but he also says, by way of explanation, "the
holder lived in *Boston* and the promissor and the endorsee in
*Wiscasset,* a distance of nearly two hundred miles ; so a rea-
sonable time should be allowed after the note became due, to
transmit it ; the endorsee having a right to wait for pay-
ment to them in Boston, before they were obliged to follow
the maker to his home to make the demand.

*Carleton, J.,* delivered the opinion of the court.

This action is brought by the endorsee of a bill of
exchange, against the drawer, with the usual averment of
presentation for payment at maturity, refusal to pay, protest,
and notice.    The defendant insists that the plaintiff has
lost his recourse against him, by his own laches, in not
presenting the bill to the drawee for payment in due time.

It appears, that on the 2d of September, 1836, the drawer,
who lives in New-Orleans, executed a draft on the drawees,

EASTERN DIST.
June, 1838.

A bill of exchange must be presented for payment to the drawees, on the day it becomes due, or the drawer will be discharged.

No irregularities of the mail, which prevent a bill from arriving in season, will excuse its non-presentation for payment on the day it is due.

who reside at Nachitoches, payable ninety days after date; that after several endorsements it came to the possession of the petitioner; that it fell due on the 4th of December, the last day of grace, and was not presented to the drawees and protested until the 6th.

It is the settled law on bills of exchange, that a draft must be presented for payment on the day it becomes due, otherwise the drawer will be discharged. *Chitty on Bills, p. 402.*

But the plaintiff's counsel contends, that the irregularities of the mail, which prevented the bill from arriving in season, excuse its non-presentation on that precise day, and cites Anderton *vs.* Beck, 16 *East's Reports.* Freeman *vs.* Boynton, 7 *Massachusetts' Reports.*

We have examined these authorities, and do not find they lend any support to his pretensions; we think the judgment of the court is erroneous.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be avoided and reversed; that the verdict of the jury be set aside; that there be judgment of non-suit against the plaintiff, he paying costs in both courts.